GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy (#134180)
Robert V. Prongay (#270796)
Lesley F. Portnoy (#304851)
Charles H. Linehan (#307439)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email:  lportnoy@glancylaw.com

*[Proposed] Lead Counsel for Movant and the Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MCCORMICK, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NAMASTE TECHNOLOGIES, INC., SEAN DOLLINGER, PHILLIP VAN DEN BERG, and KENNETH NGO,<br><br>Defendants. | Case No.: 2:18-cv-08616-FMO-JC<br><br>**MEMORANDUM OF LAW IN SUPPORT OF  MOTION OF NICK ABRUSCATO, STEVE KYTE, AND ALAN B. MILLER  FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF COUNSEL**<br><br>Date:   January 10, 2019<br>Time:   10:00 a.m.<br>Ctrm:   6D, 6th Floor<br>Judge:  Hon.  Fernando M. Olguin |

Lead Plaintiff Movants Nick Abruscato, Steve Kyte, and Alan B. Miller ("Movants") respectfully submit this memorandum of law in support of their motion to appoint Movants as Lead Plaintiffs and to approve Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, on behalf of a putative class (the "Class") of all persons other than the defendants who purchased or otherwise acquired the securities of Namaste Technologies, Inc. ("Namaste" or the "Company") between November 29, 2017 and October 4, 2018, inclusive ("Class Period").

## I. PRELIMINARY STATEMENT

Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff. This motion is made on the grounds that Movants are the "most adequate plaintiff" as defined by the PSLRA. Accordingly, Movants have "the largest financial interest in the relief sought by the class" as a result of defendants' wrongful conduct as alleged in this action.

Pursuant to the PSLRA, the person or group with the largest financial interest in the relief sought by the Class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff. Movants believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on their financial losses suffered as a result of defendants' wrongful conduct as alleged in this action.

In addition, for purposes of this motion, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other Class members' claims, and they are committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Movants respectfully submit that they are presumptively the most adequate plaintiffs and should be appointed as lead plaintiff for the Class. Additionally, Movants' selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.  FACTUAL BACKGROUND[1]

This is a class action on behalf of investors that purchased Namaste securities during the Class Period.

Namaste operates as a cannabis e-commerce company with e-commerce sites in 26 countries.

According to the complaint, on November 28, 2017, after market hours, Namaste issued a press release entitled, "Namaste Divests US Assets to Focus on Legal Cannabis Markets and Announces Conference Call," announcing that it had signed a stock purchase agreement to sell its wholly owned US subsidiary, Dollinger Enterprises US Inc. On February 20, 2018, Namaste filed a short form prospectus with the Canadian Securities Exchange. The prospectus was signed by Dollinger and van den Berg. The prospectus described the sale of Namaste's U.S. subsidiary and stated that on December 31, 2017, the Company completed the sale of Dolliner Enterprises US Inc., to ESC Hughes Holdings Limited.

Further, the complaint filed in this action alleges that throughout the Class Period, Defendants made false and/or misleading statements, failed to disclose

---

[1] This section adapted from the allegations contained in the complaint filed in the above captioned action.

material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (1) that Namaste had sold its wholly owned U.S. subsidiary to Namaste executives (2) consequently, Namaste did not sell its U.S. subsidiary in an arm's length transaction; and (3) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

## III. PROCEDURAL HISTORY

Plaintiff Kevin McCormick ("McCormick") commenced the above-captioned action against Namaste on October 6, 2018 in the United States District Court, Central District of California, *Kevin McCormick v. Namaste Technologies, Inc. et al,* Case No. 2:18-cv-08616-FMO-JC. That same day, counsel for McCormick published a notice on *Business Wire*, announcing that a securities class action had been initiated against Defendants herein.

## IV. ARGUMENT

### A. Movants Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e*., the plaintiff most capable of adequately representing the interests of the Class – is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice...;
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 44 (S.D.N.Y. 1998).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or
(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(b)(iii)(I).

As set forth below, Movants have complied with all of the PSLRA's requirements and satisfy all of the PSLRA criteria to be appointed lead plaintiff. Movants, to the best of their knowledge, have the largest financial interest in this litigation, satisfy the relevant requirements of Federal Rule of Civil Procedure 23 and are not aware of any unique defenses defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants respectfully submit that they should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### a. Movants' Motion is Timely

On October 6, 2018, pursuant to § 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Lesley F. Portnoy ("Portnoy Dec."), Exh. A. Therefore, Movants had sixty days or until December 5, 2018, to file a motion to be appointed as Lead Plaintiff. As a purchaser of Namaste securities during the relevant Class Period, Movants are members of the proposed class and have timely filed a motion for appointment as lead plaintiff within sixty days of the Notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Therefore, Movants satisfy the PSLRA's initial requirement.

### b. Movants Are Willing to Serve as Class Representatives

Movants have made a timely motion in response to a PSLRA early notice. *See* Portnoy Dec., Exh. A. Additionally, as set forth in their PSLRA certification,


Movants attest that they have reviewed the complaint, adopt the allegations therein, and are willing to serve as representatives of the class. Portnoy Dec., Exh. B. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiff for the class.

### c. Movants Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff…is the person *or group of persons* that…has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii) (emphasis added); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, Movants believe that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly are presumed to be the "most adequate plaintiff."

As a result of the revelations of the fraud as described above, Movants suffered a significant financial loss. *See* Portnoy Dec., Exh. C.

To the best of their knowledge, Movants are not aware of any other adequate class member claiming larger financial losses that have filed a motion for appointment as lead plaintiff. Movants, thus, satisfy the second PSLRA requirement – the largest financial interest – to be appointed as lead plaintiff for the Class. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 396 (S.D.N.Y. 2008).

### B. Movants Satisfy the Requirement of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d

Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871 LGB (RNBx), 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730); *In re Cendant*, 264 F.3d at 263 ("The initial inquiry…should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

### a. Movants' Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims…of the representative parties" be "typical of the claims…of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id*. (quoting

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants purchased Namaste securities during the Class Period and suffered losses as a result of their transactions. Like all members of the Class, Movants allege that defendants violated federal securities laws by disseminating materially misleading statements concerning Namaste's operations and financial prospects. Movants' losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of Namaste securities caused by defendants' alleged misrepresentations and omissions. Accordingly, Movants' interests and claims are typical of the interests and claims of the Class.

### b. Movants Are An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv-8007 SJO(CWx), 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004) (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986). *See In re Sterling Fin. Corp. Sec. Class Action*, No. 07-cv-2171, 2007 WL 4570729, at *4 (E.D. Pa. Dec. 21, 2007) (highlighting that the adequacy requirement is satisfied when "both the class representative and its attorneys are capable of satisfying their obligations, and neither has interests conflicting with those of the other class members.").

Here, Movants easily satisfy the adequacy requirements. Movants' financial interest demonstrate that they have a sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Movants are] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted); Dkt. No. 1 at p. 29. Moreover, Movants have retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Portnoy Decl., Exh. D (the firm's résumé). In addition, Movants are not aware of any conflict between their claims and those asserted on behalf of the Class.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Osher*, 2001 WL 861694, at *4 (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa)). Here, Movants have retained Glancy Prongay & Murray LLP to pursue this litigation on their behalf and will retain the firm as plaintiff's Lead Counsel in the event Movants are appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Portnoy Decl. as Exh. D, the Court may be assured that, by granting Movants' motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Movants' selection of counsel.

### V. CONCLUSION

For the foregoing reasons, Movants respectfully ask the Court to grant their motion and enter an Order: (1) appointing Movants as Lead Plaintiff, (2) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

Dated:  December 5, 2018        **GLANCY PRONGAY & MURRAY LLP**

By:  *s/ Lesley F. Portnoy*
Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Plaintiff*

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
Sherin Mahdavian, Esq.
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
brian@schallfirm.com
sherin@schallfirm.com

*Additional Counsel*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On December 5, 2018, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 5, 2018, at Los Angeles, California.

*s/ Lesley F. Portnoy*
Lesley F. Portnoy