DAVID W. HALL (274921)
dhall@hedinhall.com
**HEDIN HALL LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058

*Proposed Liaison Counsel for the Proposed Class*

(*Additional Counsel on signature page*)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MCCORMICK, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NAMASTE TECHNOLOGIES INC., SEAN DOLLINGER, PHILIP VAN DEN BERG and KENNETH NGO,<br><br>Defendants. | Case No.: 2:18cv08616-FMO-JJC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JAMES TAYLOR'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**<br><br>**CLASS ACTION**<br><br>Judge: Fernando M. Olguin<br>Courtroom: 6D<br>Hearing Date: January 10, 2019<br>Time: 10:00 a.m. |

James Taylor respectfully submits this memorandum of points and authorities in support of his Motion for:

(a) appointment as Lead Plaintiff for the proposed Class, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and

(b) approval of his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and Hedin Hall LLP ("Hedin Hall") as Liaison Counsel for the proposed Class.

## PRELIMINARY STATEMENT

Presently pending in this District is the above-captioned securities class action (the "Action") alleging violations of the Exchange Act brought on behalf of all persons or entities (the "Class") who purchased the securities of Namaste Technologies, Inc. ("Namaste" or the "Company") between November 29, 2017 and October 4, 2018, both dates inclusive (the "Class Period"). Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action. The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and who has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

Mr. Taylor satisfies these requirements and therefore should be appointed Lead Plaintiff in this Action. First, Mr. Taylor believes he has the largest financial interest in this Action having suffered losses of $25,893.41 in connection with his purchases of Namaste securities during the Class Period. Second, Mr. Taylor satisfies Federal Rules 23(a)(3) and (a)(4), as his substantial financial interest will ensure his vigorous prosecution of the Class' claims, his claims are typical of the claims of the Class, he has

no interests that are antagonistic to the Class, and he will fairly and adequately represent the interests of the Class. Additionally, Mr. Taylor has selected experienced and qualified counsel that can adequately represent the Class here.

Accordingly, for the reasons discussed below, Mr. Taylor respectfully requests that the Court grant his motion to appoint him as Lead Plaintiff and to approve his choice of counsel.

## SUMMARY OF THE COMPLAINT

According to the lawsuit, throughout the Class Period Defendants made false and/or misleading statements and/or failed to disclose that: (1) Namaste had sold its wholly-owned U.S. subsidiary to Namaste executives; (2) consequently, Namaste did not sell its U.S. subsidiary in an arm's length transaction; and (3) as a result, Defendants' statements about the Company's business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times. When the true details entered the market, the lawsuit claims that investors suffered damages.

On October 4, 2018, Citron Research published a report titled, "Namaste: Citron has exposed complete FRAUD that underpins the 'Business' of Namaste," stating that CEO "[Sean] Dollinger said he sold [an] asset to an arm's length party…but it was really sold to David Hughes who has been with Namaste since Feb 2015 (and Paul Burn who has been with Namaste since 2016)." The report further states that "Namaste has lied to its shareholders, Canadian Regulators, US Regulators; and most of all has attempted to hide US assets from the Justice Department in an attempt to obtain a US listing."

On this news, Namaste stock fell $0.19 per share, or over 10%, over the next two trading days to close at $1.62 per share on October 5, 2018, damaging investors.

# ARGUMENT

## I. THE COURT SHOULD APPOINT MR. TAYLOR AS LEAD PLAINTIFF

### A. The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i) has either filed the complaint or made a motion in response to an Early Notice;

ii) in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, Mr. Taylor meets the foregoing criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### B. Mr. Taylor is the Most Adequate Plaintiff

Mr. Taylor respectfully submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to an Early Notice, he has the largest financial interest in the relief sought by the Class, and he otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

#### 1. Mr. Taylor's Motion is Timely

On October 5, 2018, the Early Notice was published via *Business Wire*. *See* Declaration of Daniel Sadeh ("Sadeh Decl."), Ex. A; *Westley v. Oclaro, Inc.*, 2011 WL 4079178, at *1 (N.D. Cal. Sept. 12, 2011) ("Multiple courts have recognized *Business Wire* as a widely circulated national business-oriented wire service."). Accordingly, putative class members had until December 5, 2018 to file their Lead Plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.").

Mr. Taylor has timely filed this motion in response to the Early Notice. Additionally, he has filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to his review of the complaint in this Action and his willingness to serve as the representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Sadeh Decl., Ex. B. Accordingly, Mr. Taylor satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2. Mr. Taylor Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Taylor suffered losses of $25,893.41 in connection with his purchases of Namaste securities during the Class Period. *See* Sadeh Decl., Ex. C. Mr. Taylor is not aware of any other movant that has suffered greater losses in Namaste securities during the Class Period. Accordingly, Mr. Taylor has the largest financial interest in this litigation.[1]

### 3. Mr. Taylor Satisfies the Requirements of Fed. R. Civ. P. 23

Once a movant has demonstrated that it has the largest financial interest, it need only make a *prima facie* showing of its typicality and adequacy. *See In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002). Mr. Taylor satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are the only Rule 23 provisions relevant to a determination of Lead Plaintiff under the PSLRA. *Id*.

---

[1] Mr. Taylor has calculated his financial interest under *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005), which held that, generally, losses suffered prior to the disclosure of an alleged fraud are not compensable under Section 10(b). Courts routinely apply *Dura* on lead plaintiff motions. *See*, *e.g.*, *Marjanian v. Allied Nevada Gold Corp.*, 2015 WL 128691, at *7 (D. Nev. Jan. 9, 2015) (denying motion to reconsider and affirming application of the "loss limitation described by *Dura*" on a motion for lead plaintiff); *see also In re Comverse Technology, Inc. Sec. Litig.*, 2007 WL 680779 *4 (E.D.N.Y. Mar. 2, 2007) ("it is clear that under *Dura* and its progeny, any losses that [a lead plaintiff movant] may have incurred before [the company's] misconduct was ever disclosed to the public are not recoverable, because those losses cannot be proximately linked to the misconduct at issue in th[e] litigation…[and] any such losses must not be considered in the recoverable losses calculation that courts engage in when selecting a lead plaintiff."); *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 2015 WL 1499657, at *7 (S.D.N.Y. Mar. 27, 2015) ("when calculating movants' financial interests on a lead plaintiff motion, courts should not include 'losses resultfing [sic] from 'in-and-out' transactions, which took place during the class period, but before the misconduct identified in the complaint was ever revealed to the public.'") (collecting cases).

### a. Mr. Taylor's Claims Are Typical of Those of the Class

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).

Mr. Taylor's claims are typical of the Class in that he: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named Defendants; and (ii) bases his claims on the same, or substantially the same, legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and
- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Mr. Taylor as to all members of the Class. Since Mr. Taylor's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### b. Mr. Taylor Will Fairly and Adequately Protect the Interests of the Class

In determining whether the adequacy requirement is met, courts in this Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members," and "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.,* 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Mr. Taylor is an adequate Lead Plaintiff. Mr. Taylor and members of the Class have the same interest: to maximize the recovery from Defendants as a result of the

alleged fraud. Because of Mr. Taylor's substantial financial stake in the litigation, Class members can be assured that he has the incentive to vigorously prosecute the claims.

Additionally, Mr. Taylor has demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel for the Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class actions.

## II. THE COURT SHOULD APPROVE MR. TAYLOR'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Sadeh Decl., Ex. D (Firm Résumé of Bernstein Liebhard). Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country. *The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);
- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);
- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);
- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);
- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);
- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and
- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-CV-01203-VEC (S.D.N.Y. 2012) ($33 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Additionally, proposed Liaison Counsel, Hedin Hall, has extensive securities class action experience and is admitted to practice in this District. *See* Sadeh Decl., Ex. E (Firm Résumé of Hedin Hall). Accordingly, Hedin Hall "has the requisite experience" to serve as Liaison Counsel. *Soto v. Hensler*, 235 F. Supp. 3d 607, 624 (D. Del. 2017) (citing *KBC Asset Mgmt. NV ex rel. Chemed Corp. v. McNamara*, 78 F.Supp.3d 599, 607 n.8 (D. Del. 2015) (discussing role and duties of Liaison Counsel)).

# CONCLUSION

For the foregoing reasons, Mr. Taylor respectfully requests that this Court: (1) appoint his as Lead Plaintiff for this Action, and all subsequently-filed, related actions; and (2) approve his selection of Bernstein Liebhard as Lead Counsel and Hedin Hall as Liaison Counsel for the proposed Class.

Dated: December 5, 2018

Respectfully submitted,

/s/ David W. Hall
DAVID W. HALL (274921)
**HEDIN HALL LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058
Email: dhall@hedinhall.com

*Proposed Liaison Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein
Laurence Hasson
Joseph R. Seidman, Jr.
Daniel Sadeh
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  bernstein@bernlieb.com
    lhasson@bernlieb.com
    seidman@bernlieb.com
    dsadeh@bernlieb.com

*Counsel for James Taylor and Proposed Lead Counsel for the Proposed Class*

# CERTIFICATE OF SERVICE

I, David W. Hall, hereby certify that on December 5, 2018, a true and correct copy of the annexed **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JAMES TAYLOR'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: December 5, 2018                     /s/ David W. Hall
                                            David W. Hall