Jennifer Pafiti (SBN 282790)
**POMERANTZ LLP**
468 North Camden Drive
Beverly Hills, CA 90210
Telephone:   (818) 532-6499
E-mail: jpafiti@pomlaw.com
*- additional counsel on signature page –*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MCCORMICK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NAMASTE TECHNOLOGIES INC., SEAN DOLLINGER, PHILIP VAN DEN BERG and KENNETH NGO,<br><br>Defendants. | No. 2:18-cv-08616-FMO-JCx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JANITA HOLGATE, LINDA M. RICH, AND MINAKO CADDEO FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF COUNSEL**<br><br>DATE:  January 3, 2019<br>TIME:  10:00 AM<br>JUDGE:   Hon. Fernando M. Olguin<br>CTRM:  6D (First Street Courthouse) |

MEMORANDUM OF POINTS AND AUTHORITIES

# **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT .....................................................................1

II.   STATEMENT OF FACTS ...........................................................................3

III.  ARGUMENT ...............................................................................................4

   A.   HOLGATE, RICH, AND CADDEO SHOULD BE APPOINTED
        LEAD PLAINTIFFS ...............................................................................4

        1.   Holgate, Rich, and Caddeo are Willing to Serve as Class
             Representatives ...........................................................................5

        2.   Holgate, Rich, and Caddeo Have the "Largest Financial Interest".... 6

        3.   Holgate, Rich, and Caddeo Otherwise Satisfy the Requirements
             of Rule 23 of the Federal Rules of Civil Procedure ..........................7

        4.   Holgate, Rich, and Caddeo Will Fairly and Adequately Represent
             the Interests of the Class and is Not Subject to Unique Defenses ... 10

   B.   LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE
        APPROVED ..........................................................................................10

IV.   CONCLUSION ...........................................................................................12

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Baby Neal v. Casey*,
   43 F.3d 48 (3d Cir. 1994) .................................................................................. 8

*Beck v. Maximus, Inc.*,
   457 F.3d 291 (3d Cir. 2006) .............................................................................. 8

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir.1992) .............................................................................. 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ........................................................................ 8

*Knox v. Yingli Green Energy Holding Co.*,
   135 F. Supp. 1159 (C.D. Cal. 2015) ................................................................. 7

*Lax v. First Merchants Acceptance Corp.*,
   Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ................................. 6

*Mandalevy v. BofI Holding, Inc.*,
   No. 3:17-cv-0667-GPC-KSC, 2017 U.S. Dist. LEXIS 184504 (S.D. Cal. Nov. 7, 2017) ....................................................................................................... 8

*Osher v. Guess
   ?, Inc.*, CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ......................................................................................................... 10

*Richardson v. TVIA, Inc.*,
   No. C 06 06304 RMW, 2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007)......................... 7

*Smajlaj v. Brocade Communs. Sys.*,
   No. C 05-02042 CRB, 2006 U.S. Dist. LEXIS 97618 (N.D. Cal. Jan. 12, 2006) .............................. 8

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ............................................................................. 9

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii) ..................................................................*passim*

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ............................................................... 7

**Rules**

Federal Rules of Civil Procedure Rule 23 ........................................................................... *passim*

Movant Janita Holgate, Linda M. Rich (individually and on behalf of the Linda M Rich Trust UA Aug 29, 1997), and Minako Caddeo (collectively, "Holgate, Rich, and Caddeo")  respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order:  (1) appointing Holgate, Rich, and Caddeo as Lead Plaintiffs on behalf of all persons and entities that purchased or otherwise acquired the securities of Namaste Technologies Inc. ("Namaste" or the "Company") between November 29, 2017 and October 4, 2018, both dates inclusive (the "Class Period"); and (2) approving Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## I.    PRELIMINARY STATEMENT

The initial complaint in the Action alleges a significant fraud perpetrated on the investors in Namaste during the Class Period.  Specifically, it is alleged that during the Class Period, Namaste and certain of its officers (collectively, "Defendants") defrauded investors, in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5), by misrepresenting Namaste's business and operations, particularly regarding Namaste's undisclosed related party transactions. *See generally* Dkt. No. 1 (the "Complaint").  Namaste investors, including Holgate, Rich,

and Caddeo, incurred significant losses resulting from the revelation of the foregoing misconduct on October 4, 2018, when the *Citron Research* published an article entitled, "Namaste: Citron has exposed complete FRAUD that underpins the 'Business' of Namaste," stating that the Company had entered into an "undisclosed related party" transaction. On this news, shares of Namaste fell $0.19 per share or nearly 10.5% over the next two trading days to close at $1.62 per share on October 5, 2018, damaging Holgate, Rich, and Caddeo, and the other Class Members.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Holgate, Rich, and Caddeo, having incurred losses of approximately $85,270 in connection with their Class Period purchases of Namaste securities, believe that they have the largest financial interest in the relief sought in this action.

Beyond their considerable financial interest, Holgate, Rich, and Caddeo also meet the applicable requirements of Rule 23 because their claims are typical of absent class members and because they will fairly and adequately represent the interests of the Class.

In order to fulfill their responsibilities as Lead Plaintiffs and vigorously prosecute this action on behalf of the Class, Holgate, Rich, and Caddeo have selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, and recently

secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States.  Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France.

Accordingly, based on their very significant financial interest and their commitment to overseeing this litigation, Holgate, Rich, and Caddeo respectfully request that the Court enter an order appointing them as Lead Plaintiffs and approving their selection of Pomerantz as Lead Counsel.

## II.    STATEMENT OF FACTS

As alleged in the Complaint, Namaste operates as a cannabis e-commerce company with e-commerce sites in 26 countries. Namaste is incorporated and has its principal executive offices in Canada. Namaste's common stock trade on the OTC under the ticker symbol "NXTTF."

During the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Namaste failed to disclose that it had sold its wholly-owned U.S. subsidiary to Namaste executives; (2) consequently, Namaste did not sell its U.S. subsidiary in an arm's length transaction; and (3) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On October 4, 2018, *Citron Research* published an article entitled, "Namaste: Citron has exposed complete FRAUD that underpins the 'Business' of Namaste," stating that the Company had entered into an "undisclosed related party" transaction.

On this news, shares of Namaste fell $0.19 per share or nearly 10.5% over the next two trading days to close at $1.62 per share on October 5, 2018, damaging Holgate, Rich, and Caddeo, and the other Class Members.

These precipitous declines decimated the investment of Holgate, Rich, and Caddeo and the other class members in Namaste, causing them significant losses and damages recoverable only through this litigation.

## III.    ARGUMENT

### A.    HOLGATE, RICH, AND CADDEO SHOULD BE APPOINTED LEAD PLAINTIFFS

Holgate, Rich, and Caddeo should be appointed Lead Plaintiffs because, to their knowledge, Holgate, Rich, and Caddeo have the largest financial interest in the Action and otherwise strongly satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in

response to any such notice.   Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Holgate, Rich, and Caddeo satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Lead Plaintiffs for the Class.

### 1.      Holgate, Rich, and Caddeo are Willing to Serve as Class Representatives

On October 6, 2018, counsel for plaintiff in the Action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Namaste securities that they had until December 5, 2018 to file a

1  motion to be appointed as Lead Plaintiff. [1]  *See* Declaration of Jennifer Pafiti in Support

2  of Motion ("Pafiti Decl."), Ex. A.

3       Holgate, Rich, and Caddeo have filed the instant motion pursuant to the Notice, and

4  have attached Certifications attesting that they are willing to serve as representatives for

5  the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. B.

6  Accordingly, Holgate, Rich, and Caddeo satisfy the first requirement to serve as Lead

7  Plaintiffs of the Class.

8

9          **2.      Holgate, Rich, and Caddeo Have the "Largest Financial Interest"**

10      The PSLRA requires a court to adopt a rebuttable presumption that "the most

11 adequate plaintiff . . . is the person or group of persons that . . . has the largest financial

12 interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of

13 their knowledge, Holgate, Rich, and Caddeo have the largest financial interest of any

14 Namaste investor seeking to serve as Lead Plaintiff.  For the purposes of lead plaintiff

15 appointment pursuant to the PSLRA, courts frequently assess financial interest based upon

16 the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*:

17 (1) the number of shares purchased during the class period; (2) the number of net shares

18 purchased during the class period; (3) the total net funds expended during the class period;

19 and (4) the approximate losses suffered.  Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS

---

[1] Because this Court was closed on December 5, 2018 in observance of a national day of mourning to honor the memory of former President George H.W. Bush, the deadline to move for appointment as Lead Plaintiff in this Court became December 6, 2018.

11866, at \*17 (N.D. Ill. Aug. 6, 1997).  *See Knox v. Yingli Green Energy Holding Co.*, 135 F. Supp. 1159, 1163 (C.D. Cal. 2015); *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 U.S. Dist. LEXIS 28406, at \*3 (N.D. Cal. Apr. 16, 2007).

During the Class Period, Holgate, Rich, and Caddeo: (1) purchased 82,500 shares of Namaste stock; (2) expended $199,652 on purchases of Namaste stock; (3) retained all of their shares of Namaste stock; and (4) incurred losses of $85,270 in connection with their transactions in Namaste stock.  *See* Pafiti Decl., Ex. C.  To the extent that Holgate, Rich, and Caddeo possess the largest financial interest in the outcome of this litigation, they are the presumptive "most adequate" plaintiffs.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    Holgate, Rich, and Caddeo Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Mandalevy v. BofI Holding, Inc.*, No. 3:17-cv-0667-GPC-KSC, 2017 U.S. Dist. LEXIS 184504, at *3 (S.D. Cal. Nov. 7, 2017). Moreover, "[t]he only Rule 23 factors that are relevant are typicality and adequacy of representation." *Smajlaj v. Brocade Communs. Sys.*, No. C 05-02042 CRB, 2006 U.S. Dist. LEXIS 97618, at *9 (N.D. Cal. Jan. 12, 2006) (citing *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998)).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992) (citation omitted). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of Holgate, Rich, and Caddeo are typical of those of the Class. Holgate, Rich, and Caddeo allege, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Namaste, or omitted to state material facts necessary to make the statements they did make not misleading. Holgate, Rich, and Caddeo, as did all members of the Class, purchased Namaste securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy requirement of Rule 23(a)(4) is met, courts in this Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members," and "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Holgate, Rich, and Caddeo are adequate representatives for the Class. There is no antagonism between the interests of Holgate, Rich, and Caddeo and those of the Class, and their losses demonstrate that they have sufficient interests in the outcome of this litigation. Moreover, Holgate, Rich, and Caddeo have retained counsel highly experienced

in vigorously and efficiently prosecuting securities class actions such as this action, and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4.    Holgate, Rich, and Caddeo Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Holgate, Rich, and Caddeo as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of Holgate, Rich, and Caddeo to fairly and adequately represent the Class has been discussed above.  Holgate, Rich, and Caddeo are not aware of any unique defenses defendants could raise that would render them inadequate to represent the Class. Accordingly, Holgate, Rich, and Caddeo should be appointed Lead Plaintiffs for the Class.

### B.    LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26,

2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Holgate, Rich, and Caddeo have selected the Pomerantz law firm as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  *See* Pafiti Decl., Ex. D.  Pomerantz is a premiere firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, and Paris, France.  For more than 75 years, Pomerantz has represented defrauded investors.  As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States.  As a result of Pomerantz's extensive experience in litigation involving issues similar to those raised in the Action, Holgate, Rich, and Caddeo's counsel have the skill and knowledge which will enable them to prosecute this litigation effectively and expeditiously.  Thus, the Court may be assured that by approving the selection of Lead Counsel by Holgate, Rich, and Caddeo, the members of the class will receive the best legal representation available.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.    CONCLUSION

For the foregoing reasons, Holgate, Rich, and Caddeo respectfully request that the Court issue an Order: (1) appointing Holgate, Rich, and Caddeo as Lead Plaintiffs for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated:  December 6, 2018

**POMERANTZ LLP**

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6499
E-mail: jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
Jonathan D. Lindenfeld
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com
Email: jlindenfeld@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile:  312-377-1184
Email: pdahlstrom@pomlaw.com

*Counsel for Movant and*
*Proposed Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES
12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile (212) 697-7296
Email:  peretz@bgandg.com

*Additional Counsel for Movants*

CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/     Jennifer Pafiti*
Jennifer Pafiti